IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

PAVCO INDUSTRIES, INC.,

    Plaintiff,

vs.                              CASE NO. CV-00-J-1447-J

NC INDUSTRIES, INC.,

    Defendant.

## MEMORANDUM OPINION

Currently pending before the court is the plaintiff Pavco Industries, Inc.'s motion for summary judgment (doc. 10), filed September 26, 2000, to which the defendant has not responded.[1]

### I. Procedural History

The plaintiff commenced this action on May 30, 2000 by filing a complaint in this court claiming that, pursuant to a contract, it has provided goods to the defendant for which it had not bene paid in the amount of $252,951.44. This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The plaintiff states causes of action for Verified Complaint on Accounts (Count I); Verified Complaint on Account Stated (Count II) and

---

[1] The court entered a scheduling order on July 20, 2000, which set forth a deadline for filing motions for summary judgment as well as deadlines for filing materials in support of and in opposition to said motions. The defendant here was allowed fourteen days from the date said motion for summary judgment was filed in which to file any opposition deemed appropriate (doc. 7). Thus, any response by defendant to said motion was due on or before October 10, 2000.

Breach of Contract (Count III). This court decides this case on the pleadings filed by the parties, the motion of the plaintiff, and the affidavit of the plaintiff in support thereof.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The moving party satisfies its burden by showing an absence of evidence to support an essential element of the nonmoving party's case. *Id.* at 317. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson,* 477 U.S. at 248. All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir. 1987). "The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case to which the nonmoving party has the burden of proof." *Cornelius v. Town of Highland Lake,* 880 F.2d 348, 351 (11th Cir.1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990). Summary judgment is appropriate where the moving party shows an absence of evidence to support an essential element of the nonmoving party's case. *Weiss v. School Board of Hillsborough County*, 141 F.3d 990, 994 (11th Cir. 1998).

### III. Factual Background

In the light most favorable to the non-moving party, the court draws the following facts from the record before the court: The defendant contracted with the plaintiff to purchase certain goods, materials and supplies on account. Complaint at ¶ 5. Attached to the complaint are invoices for goods and materials which the plaintiff alleges it has delivered to the defendant but not received payment thereon. *See* Affidavit of Roy L. Ausserer, attached as Exhibit 1 to the Complaint. The invoices total the sum of $252,951.44.

Affidavit of Ausserer at ¶ 5. The plaintiff states payment on these invoices was due within thirty (30) days after the date on which the invoices were first billed. Complaint at ¶ 7.

The defendant admits that it contracted with the plaintiff to purchase goods, materials and supplies. Answer at ¶ 5. The defendant disputes only the amount that it owes to the plaintiff. *Id*.

In support of its motion for summary judgment, the plaintiff filed the affidavit of Paula McClure, CFO of Pavco, Inc. Affidavit of McClure at ¶ 2. The affiant states that the invoices are due and owing from the defendant in the amount of $252,951.44. The defendant has not filed any document or pleading to dispute this affidavit.

### IV. Discussion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Because the defendant has filed nothing in opposition to the plaintiff's motion and even admits that it is in debt to the plaintiff, this court finds that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. The nonmoving party's burden to "demonstrate that there is indeed a material issue of fact precluding summary judgment," *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991), has not been met. Rule 56(e), Fed.R.Civ.P. states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Under Rule 56(e), Fed.R.Civ.P., this court finds that summary judgment is appropriate in the facts before this court. Even considered the evidence in the light most favorable to the nonmoving party, this court finds that the plaintiff is entitled to a judgment in the amount of $252,951.44, as the nonmoving party has provided this court no evidence to the contrary.

## IV. Discussion

In consideration of the foregoing, the Court therefore **GRANTS** the plaintiff's motion for summary judgment on all counts of the complaint. Judgment is hereby entered in favor of the plaintiff and against the defendant in the amount $252,951.44, plus costs.

**DONE** and **ORDERED** this the ___7___ day of November, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

5